# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DEAN IAFORNARO,**

**Plaintiff,**

**-vs-** **Case No. 6:08-cv-1063-Orl-19KRS**

**STATE OF MISSISSIPPI; HALEY REEVES BARBOUR, GOVERNOR; LARRY DYKES, COUNTY OF JONES SHERIFF; ALEX HODGE, COUNTY OF JONES SHERIFF; CAPITOL IN JACKSON,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **July 1, 2008** |

Plaintiff Dean Iafornaro brings this action *pro se* against Defendants State of Mississippi, Haley Reeves Barbour, Governor of Mississippi, County of Jones Sheriffs Larry Dykes and Alex Hodge and the Capitol in Jackson for alleged violation of his civil rights. Doc. No. 1. Although not named in the caption of the complaint, the body of the complaint also appears to identify additional defendants as Mark Dann, Ohio Attorney General, the Sheriff of Loran County Jail in Ohio, St. Clairsville at Belmont Correctional Institution in Ohio, and Dr. Worthington, a physician at St.

Clairsville. Doc. No. 1 at 7. Presently before the Court is Iafornaro's motion to proceed *in forma pauperis*.

## I. PROCEDURAL HISTORY.

Iafornaro's complaint states that he previously has initiated other lawsuits in state and federal court dealing with the same or similar facts involved in this action or otherwise relating to his imprisonment or conditions thereof. Doc. No. 1 at 5. Iafornaro did not specifically identify those previous lawsuits. A database search revealed only criminal actions brought against Iafornaro, but no civil actions brought by him.[1]

## II. STATEMENT OF FACTS.

Iafornaro's complaint references various attachments that set forth the basis for his claim. Doc. No. 1 at 8. Iafornaro alleges that he was stopped by police deputies in Laurel, Mississippi for speeding. Doc. No. 1 at 9. He claims that he was then beaten by at least a dozen unnamed deputies for an extended period of time while he laid prone on the ground, which resulted in broken bones and bruising. *Id*. Iafornaro claims that he was denied medical treatment for his broken ankle while in Mississippi. *Id*.; Doc. No. 1-2 at 3.

Within a week after the incident, Iafornaro "was spirited away from Mississippi to the state of Ohio." *Id.* He spent 12-15 days on a transport van while being denied medication. Doc. No. 1-2 at 3. Upon arrival at his new location, he received medical treatment. *Id*. He was incarcerated

[1] *See State v. Iafornaro*, Court of Common Pleas, Lorain County, Ohio, Case No. 01CA007967, *aff'd*, Case No. 2002-Ohio-5550, 2002 WL 31313423 (Oct. 16, 2002)(upholding voluntariness of guilty plea); *United States v. Iafornaro*, United States District Court for the N.D. Ohio, Case No. 1:98-mj-2120 (complaint dismissed Mar. 27, 2000).

afterwards for at least one year. *Id.*[2] Iafornaro claims that his ankle is permanently deformed due to the lack of treatment. Doc. No. 1 at 9.

**III. STANDARD OF REVIEW.**

Under 28 U.S.C. § 1915(e), the Court is required to consider whether Iafornaro's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J.,concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)to dismissals for failure to state a claim on which relief may be granted under section1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint must contain a short and plain statement of facts showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

---

[2] In his Affidavit of Indigency, Iafornaro avers that he was incarcerated in April 2000 and was released in April 2002 with three years of parole. Doc. No. 2 at 5.

## IV. ANALYSIS.

Iafornaro alleges that the defendants violated section 504 of the Civil Rights Act of 1973 and 42 U.S.C. § 14141. Doc. No. 1 at 8. There is no section 504 of the Civil Rights Act of 1973. Section 14141 relates to the administration of juvenile justice. There is no allegation that Iafornaro was a juvenile at the time the acts occurred. Therefore, these statues do not support Iafornaro's complaint.

Iafornaro also generally alleges that the defendants violated thethe Americans with Disabilities Act (ADA), without any statutory citation. Assuming that Iafornaro intends to rely on section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, that law prohibits discrimination against otherwise qualified handicapped individuals by any program or activity receiving federal financial assistance. A "program or activity" is defined as including "all of the operations" of a state or local government. 29 U.S.C. § 794(b)(1)(A). Section 504 applies to prisons. *Onishea v. Hopper*, 171 F.3d 1289, 1296 n.11 (11th Cir. 1999). The Rehabilitation Act, however, does not apply to decisions involving medical treatment. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir.2005)(the Rehabilitation Act, like ADA, was never intended to apply to decisions involving medical treatment); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir.2005) (inmate's claims under the Rehabilitation Act and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Grzan v. Charter Hosp. of Nw. Indiana*, 104 F.3d 116, 121, 123 (7th Cir.1997) (affirming district court's dismissal under Fed. R. Civ. P. 12(b)(6) of plaintiff's section 504 claim because "section 504 [which 'is materially identical to the ADA'] does not provide a federal malpractice tort remedy" and allegations of discriminatory medical treatment do not fit into the four-element framework required by section 504).

Finally, assuming Iafornaro could amend his complaint to identify some other statute upon which to base his claim and sued the correct parties,[3] the complaint fails to fails to set forth any facts that would establish this Court's *in personam* jurisdiction over any of the defendants. Absent a showing of sufficient contacts with the State of Florida, this Court lacks personal jurisdiction over the defendants. *See Future Tech. Today, Inc. v. OSF Healthcare Sys*., 218 F.3d 1247, 1249 (11th Cir. 2000) (plaintiff has the burden "to plead sufficient material facts to establish the basis for exercise of" personal jurisdiction).

Accordingly, Iafornaro's complaint should be dismissed pursuant to § 1915(e). It appears that Iafornaro should be given leave to amend the complaint, if he can allege facts that state a cause of action and that establish that the Court could exercise personal jurisdiction over any of the defendants. *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). Alternatively, Iafornaro may file a new complaint in the jurisdiction in which the events at issue occurred.

## IV. RECOMMENDATION.

For the reasons set forth herein, I respectfully recommend that the Court do the following:

1. **DISMISS** the complaint;

2. **DENY** the pending motion to proceed *in forma pauperis*, doc. no. 2, without prejudice;

---

[3] There is no allegation that the "police deputies" in Laurel, Mississippi who allegedly beat Iafornaro were under the direction or control of either the State of Mississippi or the Jones County Sheriff. There also is no allegation that either Dykes or Hodge personally participated in Iafornaro's beating. Further, the "Capitol in Jackson" is a location that is not amenable to suit.

3. **PERMIT** Plaintiff to file an amended complaint within eleven days from the date of the Order on this Report and Recommendation;

4. **DIRECT** the Clerk of Court to close the file without further order if an amended complaint is not filed within the time permitted by the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 8, 2008.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy